UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SUSAN F. URELL,

        **Plaintiff,**

    **v.**                                  **Civil Action 2:23-cv-3652**
                                           **Judge Sarah D. Morrison**
                                         **Magistrate Judge Chelsey M. Vascura**

COLGATE-PALMOLIVE COMPANY,
*et al.*,

        **Defendants.**

## ORDER and REPORT AND RECOMMENDATION

This matter is before the Court for consideration of Plaintiff's Motion for Leave to Proceed *in forma pauperis*. (ECF No. 1.) Initially, the undersigned recommended that Plaintiff's Motion be denied. (R. & R., ECF No. 2.) However, Plaintiff filed objections to the Report and Recommendation that included additional information about her financial status. (ECF No. 3.) In light of this additional information, the November 3, 2023 Report and Recommendation (ECF No. 2) is **VACATED** and Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1) is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a).

This matter is also before the Court for the initial screen of Plaintiff's Complaint as required by 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that

follow, Plaintiff **MAY PROCEED** on her claim for copyright infringement against Defendants

The Colgate-Palmolive Company, Hecho Studios, LLC, and Thomas L. Dunlap, III, but it is

**RECOMMENDED** that the Court **DISMISS** Plaintiff's claims against Marsha Butler pursuant

to § 1915(e)(2).

## I.      STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to

"lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In

doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are

assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from

filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490

U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e) as part of the

statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid,
> the court shall dismiss the case at any time if the court determines that—
>
>     * * *
>
>     (B) the action or appeal—
>
>         (i) is frivolous or malicious; [or]
>
>         (ii) fails to state a claim on which relief may be granted . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte*

dismissal of an action upon the Court's determination that the action is frivolous or malicious, or

upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the

basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). See also

*Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure

12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule

8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal and factual

demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*,

727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations, a pleading

that offers labels and conclusions or a formulaic recitation of the elements of a cause of action"

is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not

"suffice if it tenders naked assertion devoid of further factual enhancement." *Id.* (cleaned up).

Instead, in order to state a claim upon which relief may be granted, "a complaint must contain

sufficient factual matter to state a claim to relief that is plausible on its face." *Id*. (cleaned up).

Facial plausibility is established "when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The

plausibility of an inference depends on a host of considerations, including common sense and the

strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504

(citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than

formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612,

614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient

treatment, however, has limits; "courts should not have to guess at the nature of the claim

asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v.

Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II.    ANALYSIS

Plaintiff alleges that she authored a dental hygiene campaign for children ("The

Adventures of Toofus" and "MolarTron and Friends") encompassing a dramatic adventure

cartoon, a musical, songs, and drawings. Plaintiff alleges that she registered her copyright for

these works in 2001 and 2009. Plaintiff further alleges that she submitted her works to

Defendant, The Colgate-Palmolive Company, in 2001 (via United States mail), 2012 (via

Colgate's Innovation Portal), and at a third unspecified time (via a contact at the practice where

Plaintiff worked as a dental hygienist). Plaintiff learned in 2021 that Colgate was promoting a

very similar "Adventures in the Molar System" campaign which Plaintiff alleges infringes her

copyrights. (*See* Compl., ECF No. 1-1, PAGEID #65–67) (detailing several similarities between

Plaintiff's and Colgate's campaigns). Although Plaintiff contacted several individuals at Colgate,

no action was taken to cease the infringement. Plaintiff's Complaint advances a single count for

copyright infringement under 17 U.S.C. § 101, *et seq.*, and seeks actual and statutory damages

and disgorgement of Defendants' profits.

In addition to Colgate, Plaintiff names several other Defendants: Marsha Butler, DDS

(described only as a retired Colgate employee who "had a reasonable opportunity to view or

copy Plaintiff's work") (Compl., PAGEID #57, 61); Hecho Studios, LLC (allegedly hired by

Colgate to produce the "Adventures in the Molar System" videos) (*id.*), and Thomas Dunlap (a

Hecho Studios employee who worked on the "Adventures in the Molar System" campaign) (*id.*).

Plaintiff **MAY PROCEED** on her claim for copyright infringement against Colgate,

Hecho Studios, and Mr. Dunlap. However, Plaintiff's complaint does not contain sufficient

factual allegations on which the undersigned could rely to conclude that Ms. Butler is liable for

infringement of Plaintiff's copyright. Ms. Butler's mere opportunity to view or copy Plaintiff's

work does not sufficiently allege that she infringed Plaintiff's copyright herself or that she is

vicariously liable for Colgate's alleged infringement. *See Gordon v. Nextel Commc'ns & Mullen*

*Advert., Inc.*, 345 F.3d 922, 925 (6th Cir. 2003) ("Vicarious liability exists when (1) a defendant

4

has the right and ability to supervise the infringing conduct and (2) the defendant has an obvious and direct financial interest in the infringement."). Accordingly, the undersigned **RECOMMENDS** that Plaintiff's claims against Ms. Butler be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2).

### III.    DISPOSITION

For the foregoing reasons, the undersigned's November 3, 2023 Report and Recommendation (ECF No. 2) is **VACATED** and Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (ECF No.1) is **GRANTED**. Plaintiff **MAY PROCEED** on her claims for copyright infringement against Defendants The Colgate-Palmolive Company, Hecho Studios LLC, and Thomas L. Dunlap, III, but it is **RECOMMENDED** that Plaintiff's remaining claim against Marsha Butler be **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2).

Plaintiff has submitted requests for issuance of summons and service of process by U.S. Marshal forms for all Defendants. The Clerk is **DIRECTED** to issue summonses directed only to Defendants The Colgate-Palmolive Company, Hecho Studios LLC, and Thomas L. Dunlap, III, and the United States Marshal is **DIRECTED** to serve by certified mail upon Defendants The Colgate-Palmolive Company, Hecho Studios LLC, and Thomas L. Dunlap, III, the issued summonses, a copy of the Complaint (ECF No. 1-1), and a copy of this Order and Report and Recommendation.

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with

5

supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

      **IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE