UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SUSAN F. URELL,

        Plaintiff,    :    Case No. 2:23-cv-3652

- vs -    Judge Sarah D. Morrison

   Magistrate Judge Chelsey M. Vascura

COLGATE-PALMOLIVE CO., *et al.*,

   :

        Defendants.

## OPINION AND ORDER

Proceeding *pro se*, Susan F. Urell filed this action against Colgate-Palmolive Co., Marsha Butler, Hecho Studios LLC, and Thomas L. Dunlap III. Dr. Butler and Mr. Dunlap have moved to dismiss the claims against them for lack of personal jurisdiction and for failure to state claim. Both motions are ripe for decision and are addressed below.

In addition, Ms. Urell has filed several motions. Two of her motions relate to responding to the pending motions to dismiss. Her Motion for Reconsideration seeking to late-file her response to Mr. Dunlap's Motion to Dismiss (ECF No. 41) is **GRANTED** and the Court deems Plaintiff's Objection to Dismiss (ECF No. 41-2) as timely filed in response to Mr. Dunlap's Motion. Ms. Urell's Motion for Reconsideration seeking to file a second response to Dr. Butler's Motion to Dismiss (ECF No. 42) is **GRANTED** – even though Ms. Urell did file a timely response to

1

the pending motion, the Court will consider both of her responses to Dr. Butler's Motion (ECF Nos. 27 and 42-2).

Ms. Urell's Motion for Hearing (ECF No. 39) is **DENIED**. And her Motion seeking a Cease-and-Desist Order to the Defendants regarding the Defendants' "Adventures in the Molar System" campaign (ECF No. 43) is **DENIED**.

## I. The Motions to Dismiss

Dr. Butler and Mr. Dunlap both seek to dismiss the claims against them for lack of personal jurisdiction and for failure to state claim. Because the personal jurisdiction argument is dispositive as to both motions, the Court will not address the parties' arguments that Ms. Urell has failed to state a claim.

### A. Standard of Review

Plaintiff has the burden of proving personal jurisdiction. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). "[I]n the face of a properly supported motion for dismissal, the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Id.* (citation omitted). If the Court rules on a Federal Rule of Civil Procedure 12(b)(2) motion prior to trial, "it has the discretion to adopt any of the following courses of action: (1) determine the motions based on affidavits alone; (2) permit discovery, which would aid in resolution of the motion; or (3) conduct an evidentiary hearing on the merits of the motion." *Intera Corp. v. Henderson*, 428 F.3d 605, 614 n.7 (6th Cir. 2005) (citing *Serras v. First Tenn. Bank Nat'l Ass'n.*, 875 F.2d 1212, 1214 (6th Cir. 1989)). "[T]he decision whether to grant discovery or an

2

evidentiary hearing before ruling on a 12(b)(2) motion is discretionary." *Burnshire Dev., LLC v. Cliffs Reduced Iron Corp.*, 198 Fed. Appx. 425, 434 (6th Cir. 2006) (citation omitted). Here, neither side has requested further discovery or an evidentiary hearing, and the Court concludes that neither is necessary to rule on the pending motions.

When a court resolves a Rule 12(b)(2) motion based on "written submissions and affidavits . . . rather than resolving the motion after either an evidentiary hearing or limited discovery, the burden on the plaintiff is 'relatively slight,' . . . and 'the plaintiff must make only a *prima facie* showing that personal jurisdiction exists in order to defeat dismissal.'" *Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 549 (6th Cir. 2007) (quoting *Am. Greetings Corp. v. Cohn*, 839 F.2d 1164, 1169 (6th Cir. 1988) and *Theunissen*, 935 F.2d at 1458). The court must weigh the evidence in the light most favorable to the plaintiff. *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1272 (6th Cir. 1998). "[A] court disposing of a 12(b)(2) motion does not weigh the controverting assertions of the party seeking dismissal . . . because we want to prevent non-resident defendants from regularly avoiding personal jurisdiction simply by filing an affidavit denying all jurisdictional facts." *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996) (internal quotations and emphasis omitted) (quoting *Theunissen*, 935 F.2d at 1459). But the Court may consider a defendant's undisputed factual assertions. *Conn v. Zakharov*, 667 F.3d 705, 711 (6th Cir. 2012) (citing *Kerry Steel, Inc. v. Paragon Indus.*, 106 F.3d 147, 153 (6th Cir. 1997)). Moreover, where "there does not appear to be any

3

real dispute over the facts relating to jurisdiction, the prima facie proposition loses some of its significance." *Id.* (internal quotations omitted) (quoting *Int'l Techs. Consultants, Inc. v. Euroglas S.A.*, 107 F.3d 386, 391 (6th Cir. 1997)).

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014) (citing Fed. R. Civ. P. 4(k)(1)(A)). Where, as here, subject-matter jurisdiction is based on a federal question, a court may exercise personal jurisdiction over a defendant if it is "both authorized by the forum State's long-arm statute and in accordance with the Due Process Clause of the Fourteenth Amendment." *AlixPartners, LLP v. Brewington*, 836 F.3d 543, 549 (6th Cir. 2016) (citation omitted).

In this case, the Court begins and ends its analysis with the Due Process Clause, "recognizing that a defect of this type would foreclose the exercise of personal jurisdiction even where a properly construed provision of the long-arm statute would otherwise permit it." *Theunissen*, 935 F.2d at 1459. "[T]he crucial federal constitutional inquiry is whether, given the facts of the case, the nonresident defendant has sufficient contacts with the forum state such that the district court's exercise of jurisdiction would comport with 'traditional notions of fair play and substantial justice.'" *CompuServe Inc.*, 89 F.3d at 1263 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Courts employ three criteria to make this determination:

> (1) [T]he defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state;
> (2) [T]he cause of action must arise from the defendant's activities there; and

4

> (3) [T]he acts of the defendant or consequences caused by the
> defendant must have a substantial enough connection with the forum
> to make the exercise of jurisdiction over the defendant reasonable.

*In-Flight Devices Corp. v. Van Dusen Air, Inc.*, 466 F.2d 220, 226 (6th Cir. 1972) (quoting *S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)).

### B.     Defendant Marsha Butler, DDS

Ms. Urell alleges that Dr. Butler is retired from Colgate. Her Amended Complaint claims that "Defendants" have been infringing on her creative work, but says little about Dr. Butler specifically beyond quoting her LinkedIn profile and claiming that Dr. Butler had a reasonable opportunity to view or copy Ms. Urell's work. Ms. Urell alleges that Dr. Butler is vicariously liable for Colgate's infringement and that she copied Ms. Urell's literary works. These allegations are insufficient to allege that this Court has personal jurisdiction over Dr. Butler.

Setting aside the sparse factual allegations in the Amended Complaint as to Dr. Butler, Ms. Urell's response to the Motion to Dismiss fails to set forth any specific facts to show that the Court has jurisdiction. It is undisputed that Dr. Butler is currently a resident of Georgia and was a resident of New York at all relevant times. There is no allegation that Dr. Butler purposefully availed herself of the privilege of acting or causing a consequence in Ohio. There is no allegation that Dr. Butler engaged in any activities in Ohio. And there are no allegations that Dr. Butler's acts or the consequences thereof had a substantial connection to Ohio to make the exercise of jurisdiction over her reasonable.

Dr. Butler's Motion to Dismiss is **GRANTED**.

5

### C. Defendant Thomas L. Dunlap, III

Ms. Urell alleges that Mr. Dunlap worked on Colgate's "Adventures in the Molar System" campaign while employed at Hecho Studios LLC. The only other allegation specific to Mr. Dunlap is an assertion that he copied Ms. Urell's literary works. These allegations are more scant than the allegations against Dr. Butler and are insufficient to allege that the Court has personal jurisdiction over Mr. Dunlap.

In response to Mr. Dunlap's properly supported Motion to Dismiss, Ms. Urell fails to make a *prima facie* showing that the Court has personal jurisdiction over Mr. Dunlap.

Mr. Dunlap's Motion to Dismiss is **GRANTED**.

## II. Conclusion

Ms. Urell's motions for reconsideration (ECF Nos. 41 and 42) are **GRANTED**. Her Motion for Hearing (ECF No. 39) and Motion for a Cease-and-Desist Order (ECF No. 43) are **DENIED**.

Dr. Butler's Motion to Dismiss (ECF No. 25) and Mr. Dunlap's Motion to Dismiss (ECF No. 37) are **GRANTED**.

Ms. Urell is **ORDERED** to file a second amended complaint within 14 days of the entry of this Order; the new pleading shall use numbered paragraphs as required by Rule 10(b) and shall not include claims against Dr. Butler or Mr. Dunlap.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**