UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SUSAN F. URELL, | : | |
| Plaintiff, | : | Case No. 2:23-cv-3652 |
| v. | : | Chief Judge Sarah D. Morrison |
| COLGATE-PALMOLIVE CO., *et al.*, | : | Magistrate Judge Chelsey M. Vascura |
| Defendants. | : | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Susan Urell's Rule 39(b) Motion to Grant Jury Trial. (Mot., ECF No. 61.) For the reasons below, the Motion is **DENIED**.

**I.     BACKGROUND**

Ms. Urell commenced this suit in November 2023. (ECF No. 1.) Her Complaint asserts one claim for copyright infringement, and concludes: "Plaintiff seeks a bench trial." (ECF No. 5, PAGEID # 172.) Ms. Urell was granted leave to file an amended complaint in January 2024. (ECF No. 14.) Her Amended Complaint also asserts one claim for copyright infringement, and also concludes: "Plaintiff seeks a bench trial." (ECF No. 15, PAGEID # 1170.) Thirteen months later, in February 2025, Ms. Urell was granted leave to file yet another amended complaint. (ECF No. 48.) Her Second Amended Complaint asserts one claim for copyright infringement, and concludes: "Plaintiff seeks a bench trial." (ECF No. 50, PAGEID

# 1441.) Defendants Colgate-Palmolive Company and Hecho Studios LLC filed their answer on March 14, 2025. (ECF No. 51.)

The parties filed their joint Rule 26(f) Report on April 16, 2025. (ECF No. 58.) In Section 6 (where the parties are required to jointly provide a brief description of the case, including whether there is a jury demand), the parties state: "Plaintiff has requested a bench trial." (*Id.*, PAGEID # 1477.)

A preliminary pre-trial conference before the Magistrate Judge was set for the following week. (*See* ECF No. 57.) The morning of the conference, Ms. Urell emailed Defendants' counsel:

> Oh I wanted to let you know that I'm going to be asking for a trial by jury and not a bench trial. I've been on the fence about it for a while now, but I think it's better for me to have a jury of my peers. Big undertaking, I know! Ughh. Didn't want to blindside you so I'm letting you know. Ok talk soon.

(ECF No. 64-1, PAGEID # 1520.)

Three days later, on April 25, 2025, Ms. Urell filed the instant Motion asking the Court, for the first time in eighteen months, for a trial by jury. (Mot.)

## II. LEGAL STANDARD

Under the Federal Rules of Civil Procedure, "a party may demand a jury trial" by serving the other party with a written jury demand "no later than 14 days after the last pleading directed to the issue is served." Fed. R. Civ. P. 38(b). "[A] party waives a trial by jury in a civil case by failing to file timely and serve a jury demand." *Cook v. Cleveland State Univ.*, 13 F. App'x 320, 322 (6th Cir. 2001) (citing Fed. R. Civ. P. 38(d)). Still, "a district court in its discretion and upon motion may order a jury trial as to any issue even if the motion is late." *Kitchen v. Chippewa*

*Valley Sch.*, 825 F.2d 1004, 1013 (6th Cir. 1987) (citing Fed. R. Civ. P. 39(b)). The court has "broad discretion in ruling on" such a motion. *Id.* (citing *Misco, Inc. v. United States Steel Corp.*, 784 F.2d 198, 205 (6th Cir. 1986)). Unless "strong and compelling reasons" exist, the "court's discretion should be exercised in favor of granting a jury trial." *Id.* (quoting *Local 783 v. General Elec. Co.*, 471 F.2d 751, 755 (6th Cir. 1973)). Still, "a district court will not abuse its discretion in denying a Rule 39(b) motion if the only justification is mere inadvertence." *Misco, Inc.*, 874 F.2d at 205. *See also Cook*, 13 F. App'x at 322 (explaining that "a waiver is complete and binding even though it may have been inadvertent and unintended").

### III. ANALYSIS

Ms. Urell acknowledges that she "did not file a timely jury demand within the 14-day period prescribed by Rule 38(b)[.]" (Mot., PAGID # 1490.) But she argues that any delay should be excused because it was the result of "extraordinary personal circumstances: specifically, [her] 87 year old mother suffered a major stroke as well as a stroke recrudescence during the relevant period, and [Ms. Urell] was responsible for her care and medical coordination." *Id.* Ms. Urell provides documentation showing that her mother suffered a stroke on February 21, 2025, and then received medical services through at least April 24, 2025. But this circumstance, unfortunate as it is, does not account for the timing. Instead, Ms. Urell's own words reflect that she simply changed her litigation strategy. "[C]ourts have frequently rejected late jury demands that seem to be based on merely on a change in litigation strategy." *Davidson Pipe Co., Inc. v. Laventhol & Horwath*, 125 F.R.D. 363, 371 (S.D.N.Y. 1989) (collecting cases).

Thus, in the language of the relevant caselaw, Ms. Urell's conduct was not mere inadvertence. Instead, it was a conscious decision to request a bench trial—not a jury trial.

## IV. CONCLUSION

Ms. Urell's Motion to Grant Jury Trial (ECF No. 61) is **DENIED.**

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**